UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| TYNYA FAYE RUSSELL,<br>On behalf of herself and all others<br>Similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>COLONIAL PENN LIFE INSURANCE<br>COMPANY,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    CASE NUMBER: 18-324 |

## CLASS ACTION COMPLAINT

Tynya Faye Russell ("Russell" or "Plaintiff") brings this case against Colonial Penn Life Insurance Company ("Colonial Penn") to (1) stop its practice of placing calls, using an "automatic telephone dialing system" ("ATDS"), to the cellular telephones of consumers nationwide without their prior express written consent, (2) enjoin Colonial Penn from continuing to place such calls, and (3) obtain redress for all persons injured by this conduct.

### JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), a Federal Statute.

2. This Court has personal jurisdiction over Colonial Penn because Colonial Penn does business in this District, and the wrongful conduct occurred in and/or was directed to this District.

3. Venue is proper in this District under 28 U.S.C. § 1391(b) because Colonial Penn conducts a significant amount of business transactions in this District and because the wrongful

1

conduct giving rise to this case occurred in and/or emanated from this District. Venue is also proper because Plaintiff resides in this District.

## PARTIES

4. Plaintiff Tynya Faye Russell is a natural person and a resident of Mobile County, Alabama.

5. Colonial Penn is a foreign limited liability company formed and existing under the laws of the State of Massachusetts with its principal place of business located to 87 Kilby Street, Boston, MA . Colonial Penn conducts business throughout this District, the State of Alabama, and the United States.

6. Colonial Penn is also a "segment" of CNO Financial Group, Inc.

## FACTUAL ALLEGATIONS

7. Colonial Penn is a life insurance company. According to its parent company, CNO Financial Group, Inc., Colonial Penn, "markets primarily graded benefit and simplified issue life insurance directly to customers in the senior middle-income market through television advertising, direct mail, the internet and telemarketing."

8. The TCPA requires telemarketers to obtain express written consent, prior making marketing calls to a cellular telephone.

9. On information and belief, Colonial Penn and/or its agents failed to obtain prior express written consent from some or all its potential customers, to make marketing calls to their cellular telephones in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

10. The TCPA was enacted to protect consumers from unsolicited and repeated telephone calls like those alleged in this case. Colonial Penn and/or its agents made these calls

despite the fact that neither Plaintiff nor the other members of the Class (defined below) provided Colonial Penn with prior express written consent to receive such calls.

11. Some or all of these calls were made utilizing an ATDS, as defined in 47 U.S.C. §227(a)(1).

12. When Plaintiff answered the calls, there would often be a silence, sometimes with a click or a beep-tone, before a voice start speaking. This is a tell-tale indication that the call was placed through an ATDS.

13. Colonial Penn knew, or should have known, that Plaintiff had not given prior express written consent for the calls and/or that any prior consent had been revoked, because each time she answered a call she told Colonial Penn's agents to stop calling.

14. In response to Colonial Penn's unlawful conduct, Plaintiff has filed the instant lawsuit seeking an injunction requiring Colonial Penn to cease all unsolicited calling activities as well as an award of statutory damages for the members of the Class as provided under the TCPA.

## FACTUAL ALLEGATIONS

15. Colonial Penn and/or its agents placed thousands of outbound telemarketing calls each day to consumers in Alabama and nationwide. Many of these calls are placed to cellular telephones.

16. These calls are made for the express purpose of soliciting the purchase of services or products from or though Colonial Penn, including life insurance policies.

17. Some, or all of the telemarketing calls by Colonial Penn, using an ATDS, were made intentionally, without prior express written consent, and in violation of the TCPA.

18. Neither Plaintiff nor the other members of the proposed Class ever provided Colonial Penn and/or their agents with express written consent to receive the telephone calls.

19. Colonial Penn does not have a record of express written consent to place autodialed and/or prerecorded calls to Plaintiff or the members of the proposed Class.

20. During the month of August 2017, Plaintiff was shopping for a life insurance policy and saw one of Colonial Penn's advertisements on television.

21. In response to the advertisement she called Colonial Penn and requested a brochure, in order to comparison shop the rates.

22. Thereafter, Plaintiff received approximately 10 calls to her cellular telephone from Colonial Penn.

23. Plaintiff never consented in writing or otherwise to receive calls to xxx-xxx-4589 from Colonial Penn.

24. Plaintiff had no existing business relationship with Colonial Penn at the time of the aforementioned calls, and had not entered into any business transactions with Colonial Penn.

25. Because of Colonial Penn's intrusive calls, Plaintiff was inconvenienced, incurred charges for cellular telephone service, suffered harm and an invasion of her privacy.

26. Colonial Penn is, and was, aware that the above-described telephone calls were being made either by it directly, or made on their behalf, and that the telephone calls were being made to consumers who had not consented to receive them.

27. Because of Colonial Penn's conduct in violation of the TCPA, Plaintiff is entitled to an award of minimum statutory damages of $500.00 per violation of the TCPA.

28. Each of the unlawful calls were made intentionally, willfully and/or knowingly by Colonial Penn, entitling Plaintiff to an award of statutory damages of $1,500.00 per call.

## CLASS ALLEGATIONS

29. **Class Definitions:** Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of herself and a Class of similarly situated individuals, defined as follows:

> All individuals in the United States, who during the four years prior to the filing of the this complaint who (1) received a telephone call made by, or on behalf of, Colonial Penn; (2) promoting Colonial Penn's products or services; (3) where such call was made using an ATDS; and (4) where neither Colonial Penn nor its agents had any current record or prior express written consent to place such call..

30. The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Colonial Penn, its subsidiaries, parents, successors, predecessors, and any entity in which Colonial Penn or its parents have a controlling interest and its current or former employees, officers, and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) the legal representatives, successors, or assignments of any such excluded persons; and (5) Plaintiff's counsel and Colonial Penn's counsel.

31. **Numerosity**: The size of the Class is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Colonial Penn has made telephone calls to thousands of putative class members. Class members can be identified through Colonial Penn's records.

32. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class. Those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not limited to, the following:

    a)    Does Colonial Penn's conduct violate the TCPA;

b) Did Colonial Penn and/or its agents make such telephone calls to consumers who did not previously provide Colonial Penn or their agents with prior written express consent; and

c) Are Plaintiff and Class Members are entitled to treble damages based on the willfulness of Colonial Penn's conduct.

33. **Typicality**: Plaintiff's claims are typical of the claims of other members of the Class, in that Plaintiff and the members of the Class sustained damages arising out of Colonial Penn's uniform conduct.

34. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interest of the Class and has retained counsel competent and experienced in Class Actions. Plaintiff has no interest antagonistic to those of the Class, and Colonial Penn has no defenses unique to Plaintiff.

35. **Policies Generally Applicable to the Class:** This Class Action is appropriate for certification because Colonial Penn has acted, or refused to act, on grounds generally applicable to the Class as a whole, thereby allowing the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class, and making final injunctive relief appropriate with respect to the Class as a whole. Colonial Penn's practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Colonial Penn's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

36. **Superiority**: This case is also appropriate for Class certification because Class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy and because joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small. Thus, it would be virtually

impossible for the individual members of the Class to obtain effective relief from Colonial Penn's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a Class Action, because individual litigation would increase the delay and expense for all parties. By contrast, a Class Action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

## COUNT ONE
### Violation of 47 U.S.C. § 227, *et seq.*

37. Plaintiff incorporates the relevant foregoing allegations as if fully set forth herein.

38. Colonial Penn, and/or its agents, made unsolicited and unwanted telemarketing calls to a cellular telephone number belonging to Plaintiff and the other members of the Class—without their prior express written consent.

39. By having unsolicited marketing calls made without prior express written consent, Colonial Penn violated 47 U.S.C. § 227(b)(1)(B).

40. Plaintiff and the members of the Robocall Class suffered actual damages and, under 47 U.S.C. § 227(b)(3)(B), are each entitled to a minimum of $500 in damages for each call.

41. To the extent Colonial Penn's conduct is determined to be willful and knowing, the Court should award treble the amount of statutory damages recoverable.

## PRAYER FOR RELIEF

**WHEREFORE**, Tynya Faye Russell, individually and on behalf of the Class, prays for the following relief:

1. An order certifying the Class as defined above, appointing Plaintiff as Representative for the Class, and appointing her counsel as Class Counsel;

2. An award five hundred dollars ($500.00) for each violation of the TCPA;

3. Enhanced statutory damages for willful and/or knowing violations of up to $1,500.00 for each violation of the TCPA;

4. An order declaring that Colonial Penn's actions, as set out above, violate the TCPA;

5. A declaratory judgment that Colonial Penn's telephone calling equipment constitutes an automatic telephone dialing system under the TCPA;

6. An order requiring Colonial Penn to disgorge any ill-gotten funds acquired as a result of its unlawful telephone calling practices;

7. An order requiring Colonial Penn to identify any third-party involved in the autodialed and/or prerecorded calling as set out above, as well as the terms of any contract or compensation arrangement it has with such third parties;

8. An injunction requiring Colonial Penn to cease all unsolicited autodialed and/or prerecorded calling activities, and otherwise protecting the interests of the Class;

9. An injunction prohibiting Colonial Penn from using, or contracting the use of, an automatic telephone dialing system without obtaining and maintaining records of call recipient's prior express written consent to receive calls made with such equipment;

10. An injunction prohibiting Colonial Penn from contracting with any third-party for marketing purposes until it establishes and implements policies and procedures for ensuring the third-party's compliance with the TCPA;

11. An injunction requiring Colonial Penn to cease all unsolicited calling activities and otherwise protecting the interests of the Class;

12. An award of reasonable attorneys' fees and costs to be paid out of the common fund prayed for above; and

13. Such other and further relief that the Court deems reasonable and just.

        Respectfully submitted,

        /s/ Earl P. Underwood, Jr.
        Earl P. Underwood, Jr.
        Kenneth J. Riemer
        Underwood & Riemer, P.C.
        21 South Section Street
        Fairhope, Alabama 36532
        251.990.5558 (Telephone)
        251.990.0626 (Facsimile)
        epunderwood@alalaw.com
        kjr@alaconsumerlaw.com

## DEMAND FOR JURY TRIAL

The Plaintiff hereby demands a trial by struck jury on all claims so triable before the Court.

        /s/ Earl P. Underwood, Jr.

**Colonial Penn will be served by Certified Mail as follows:**

Colonial Penn Insurance Company
399 Market Street
Philadelphia, PA 19181