**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **TYNYA FAYE RUSSELL,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **vs.** | * | **CIVIL ACTION NO. 18-00324-KD-B** |
| | * | |
| **COLONIAL PENN LIFE INSURANCE** | * | |
| **COMPANY,** | * | |
| | * | |
| **Defendant.** | * | |

<u>ORDER</u>

This action is before the Court on the parties' Joint Rule 26(f) Report.  (Doc. 13).  A scheduling conference was conducted on January 9, 2019, with counsel for the parties appearing by telephone.  Based upon the representations of counsel during the conference, and a review of the parties' joint report and the case file, the following scheduling order is entered pursuant to Rule 16(b) and shall govern with respect to the individual claims of Plaintiff Tynya Faye Russell and the class certification issues:

1.   <u>PRETRIAL DISCLOSURES, PRETRIAL AND TRIAL</u>. These dates will be set once it is determined whether this case will proceed as a class action or only on the individual claims of named Plaintiff Tynya Faye Russell.

2.   <u>DISCOVERY COMPLETION</u>.   All discovery involving the claims of named Plaintiff Tynya Faye Russell and class certification issues is to be completed on or before **June 10, 2019.**

3.   <u>INITIAL DISCLOSURES</u>. To the extent the initial disclosures have not been made, the parties are **ORDERED** to

tender said disclosures not later than **February 1, 2019.**

4.   <u>AMENDMENTS TO PLEADINGS AND JOINDER OF PARTIES</u>.   Any motion for leave to amend the pleadings or to join other parties must be filed by **April 1, 2019.**

5.   <u>EXPERT TESTIMONY</u>. The disclosure of expert testimony as required by Fed. R. Civ. P. 26(a)(2) is to be made by Plaintiff on or before **April 10, 2019.**  The disclosure of expert testimony as required by Fed. R. Civ. P. 26(a)(2) is to be made by Defendant on or before **May 10, 2019.**

Any expert rebuttal evidence authorized by Rule 26(a)(2)(c) shall be made within thirty (30) days after the disclosure made by the other party.  An expert's deposition, if taken, must be noticed and completed within thirty (30) days of the date on which the expert's report is disclosed.

6.   <u>SUPPLEMENTATION</u>. Supplementation of disclosures and responses as required by Fed. R. Civ. P. 26(e) is to be accomplished "at appropriate intervals" and "seasonably."

7.   <u>DISCOVERY LIMITS</u>. Discovery is limited as follows:

a.   Not more than **twenty (20)** interrogatories, including all discrete subparts, may be served by each party upon any other party.   An additional **twenty (20)** interrogatories addressing class certification issues may be served by each party upon any other party. Responses are due within thirty (**30)** days of service.

b.   Not more than **three (3)** depositions may be taken by each party, unless extended by agreement of the parties.  Each deposition is limited to a maximum of **seven (7)** hours, unless extended by agreement of the parties.

c.   Not more than **twenty (20)** requests for admissions, including all discrete subparts, may be served by each party upon any other party.  An additional **twenty (20)** requests for admissions addressing class certification issues may be served by each party upon any other party. Responses are due within **thirty (30)** days of service.

d.   Not more than **twenty (20)** requests for production of documents, including all discrete subparts, may be served by each party, absent leave of Court.  An additional **twenty (20)** requests for production addressing class certification issues

may be served by each party upon any other party. Responses are due within **thirty (30)** days of service. Subpoenas duces tecum to a party ordering such party to produce documents or things at trial or hearings shall not be used to circumvent the limitations placed on discovery.

In applying these limits, all parties represented by the same counsel will be treated as a single party.

8.   <u>DISCOVERY DISPUTES</u>. Before filing a motion related to a discovery dispute, the parties shall follow the procedure set forth below:

a.   Counsel for the parties shall confer pursuant to Fed. R. Civ. P. 37. Such conferral shall occur promptly after counsel becomes aware of the dispute. Failure to confer within a reasonable period of time after learning of the dispute may be deemed by the Court to constitute a waiver. The Court will not consider counsel to have conferred unless counsel have had at least **one** telephone call addressing the dispute, in addition to any written exchanges concerning the dispute.

b.   If counsel cannot resolve the dispute through conferral, then counsel for the party first raising the dispute shall contact Magistrate Judge Bivins' chambers, inform her chambers of the dispute, and request that a telephone conference call be scheduled to bring the issue to the Court's attention. The Court will contact counsel for all concerned parties to schedule the conference call, which will generally be set within 24 hours of the Court receiving notice of the dispute.

c.   When possible, the Court will resolve the dispute during the telephone call without written submissions by the parties.

d.   If, after hearing the positions of the parties concerning the discovery dispute, the Court deems it necessary that a written motion and response be filed, the Court will give the parties permission to do so and set deadlines for said filings.

e.   The Court will strike any discovery motion filed **<u>before</u>** the procedure outlined above has been followed.

f.   The parties **<u>may not</u>** raise a discovery dispute with the Court after the relevant discovery deadline has passed; all discovery disputes must be brought to the Court's attention

before the relevant discovery deadline passes. Any discovery disputes raised with the Court *after* the expiration of the relevant discovery deadline shall be deemed waived by the Court, even if the parties agreed to conduct discovery after the relevant discovery deadline has passed.

g. If a discovery motion is authorized, any such motion shall quote <u>in full</u> (1) each interrogatory, request for admission, or request for production to which the motion is addressed, <u>or</u> otherwise identify specifically and succinctly the discovery to which objection is taken or from which a protective order is sought, and (2) the response or the objection and grounds therefore, if any, as stated by the opposing party. Unless otherwise ordered by the Court, the complete transcripts or discovery papers are <u>not</u> to be filed with the Court unless the motion cannot be fairly decided without reference to the complete original.

h. <u>Privilege or Protection of Trial Preparation Materials</u>. The provisions of Fed. R. Civ. P. 26(b)(3) will be strictly enforced in those rare situations in which privilege or work product protection is invoked. Rule 26(b)(3) information shall be disclosed in a "privilege log" served with the objections to production. The "privilege log" shall, at a minimum, contain the facts suggested in paragraph K (pages 8-11) of the <u>Introduction to Civil Discovery Practice in the Southern District of Alabama</u>, Civil Discovery Committee (1998) (distributed by the Clerk with the Local Rules).

9. <u>DISPOSITIVE MOTIONS</u>. Any motion for class certification, with supporting brief, and all dispositive motions relating to the individual claims of Plaintiff Russell shall be filed as soon as possible but in no event later than **July 31, 2019. In submitting exhibits, the parties are reminded of S.D. Ala. CivLR 5(a), which provides that "[i]f discovery materials are germane to any motion or response, only the relevant portions of the material shall be filed with the motion or response. Evidentiary submissions that do not comport with these requirements may be disregarded."**

Additionally, S.D. Ala. CivLR 7(g) provides that:

If a party's exhibits in support of, or in opposition to, a motion exceed fifty (50) pages in the aggregate, that party must submit a courtesy copy to chambers. The courtesy copy must be printed from PACER (i.e., after electronic filing) so that the CM/ECF PDF

headers, which contain the case number, docket number, and page number, appear at the top of every page. Additionally, where exhibits are numerous, it is helpful to the Court to receive well-organized, tabbed binders of double-sided copies, along with an index or table of contents.

10.  <u>SETTLEMENT</u>. On or before **January 23, 2019,** Plaintiff's counsel shall tender a written settlement demand to Defendant's counsel. Defendant's counsel shall tender a written reply no later than **February 6, 2019.** Counsel for the parties shall file with the Clerk of Court, no later than **February 13, 2019,** a <u>joint statement</u> setting forth the status of settlement negotiations and the parties' positions regarding settlement of this action through any of the approved alternative dispute resolution procedures. If no settlement is reached, counsel for the parties shall file a <u>supplemental joint statement</u> regarding settlement negotiations on **June 10, 2019.**

Notwithstanding the above-referenced deadlines, the parties may contact the Court at any stage of the proceedings if they believe mediation or a settlement conference would be beneficial. Given that most actions settle, early settlement negotiations are <u>strongly</u> encouraged. A copy of the Court's alternative dispute resolution plan may be obtained from the Clerk of Court.

11.  <u>BRIEFS; LETTERS; COURTESY AND DUPLICATE COPIES; FAXING OF DOCUMENTS</u>. Unless prior permission of the Court is given:

a.   A brief filed in support of or in opposition to any motion shall not exceed thirty (30) pages in length and a reply brief by movant shall not exceed fifteen (15) pages in length. Attachments to the brief do not count toward the page limitation. <u>See</u> S.D. Ala. CivLR 7(e).

b.   An application to the Court for an order shall be by motion, not by letter. <u>See</u> Fed. R. Civ. P. 7(b); S.D. Ala. GenLR 7. Any objection or response to a motion or to any other matter is to be done in a properly-styled and captioned paper, not by letter. <u>See</u> S.D. Ala. GenLR 5(a).

c.   **Except as otherwise provided herein,** courtesy copies of pleadings, motions, or other papers filed in the action are not to be provided to the Judge or the Judge's chambers. A copy of a pleading, motion, or other paper that has been previously filed in the action is not to be attached to a subsequently

filed pleading, motion, or other paper; it may be adopted by reference. **If a party's exhibits in support of or in opposition to a motion exceed fifty (50) pages in the aggregate, then that party must deliver a courtesy hard copy of those exhibits to the Judge's chambers by mail or hand delivery.**

    d. Papers transmitted to the Court by facsimile will not be accepted for filing. A copy of this Court's policy regarding the faxing of documents may be obtained from the Clerk of Court.

    12. <u>LOCAL RULES</u>. The Local Rules of this district contain important requirements concerning commencement of discovery, motions to dismiss and for summary judgment, class actions, and other matters. They are posted on the Court's website, **http://www.alsd.uscourts.gov**.

    13. <u>OTHER</u>. The parties are directed to confer regarding electronically stored information ("ESI"), inadvertent production of privileged documents, and a confidentiality agreement for the safeguarding of confidential documents exchanged during discovery, and are to file with the Court, no later than **January 23, 2019,** a joint proposed order governing ESI, inadvertent production of privileged documents, and the safeguarding of confidential documents exchanged during discovery.

    **DONE** this the **9th** day of **January, 2019.**

                    **/s/SONJA F. BIVINS**
                    **UNITED STATES MAGISTRATE JUDGE**