# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **TYNYA FAYE RUSSELL, on behalf of herself and all others similarly situated** | )<br>)<br>) |
| **Plaintiff,** | )<br>) |
| v. | )<br>) **CIVIL ACTION NO.  18-0324-KD-M** |
| **COLONIAL PENN LIFE INSURANCE COMPANY,** | )<br>)<br>) |
| **Defendant.** | )<br>)<br>) |

## ORDER GOVERNING CONFIDENTIAL MATERIALS AND DISCOVERY OF ELECTRONICALLY STORED MATERIALS ENTERED ON AGREEMENT OF PARTIES

Plaintiff Tynya Faye Russell ("Russell") and Defendant Colonial Penn Life Insurance Company, ("Colonial Penn") have agreed on certain protections and procedures regarding the production of certain documents and information which will or may be produced or disclosed during the course of the above-styled action, and have requested that the Court enter a Protective Order memorializing such protections.  The Court, therefore, enters the following order:

1. From and after the execution of this Order the Parties may designate as "Confidential" any documents which they produce which they, in good faith, believe to be confidential or to include sensitive personal information, business information, trade secrets, financial information, or other proprietary or confidential information.  Designation may be accomplished by stamping each confidential document with the legend "Confidential" or similar words.

2. Documents which are so designated as "Confidential" shall be used solely for the purposes of prosecuting or defending this action, or any appeal or retrial after any such appeal.

"Confidential" documents shall not be disclosed to any persons other than (a) counsel of record for Parties to this proceeding, including necessary professional, secretarial and clerical personnel from such counsel's respective offices; (b) qualified persons taking or recording testimony involving such documents or information and necessary stenographic, videographic, and clerical personnel therefore; (c) officers, directors, and employees of the parties to this action to which disclosure is necessary for purposes of this litigation; (d) independent consultants and technical experts and their staff who are engaged directly in this action; and (e) any trial or appellate court (the "Court").

3. Any documents designated as "Confidential" which are filed with the Court, including as an attachment or exhibit to any motion or other filing, shall be filed with the Clerk of the Court under seal and made available only to the Court, Court personnel, counsel of record for the Parties to this proceeding, and persons designated elsewhere in this Order as being authorized to receive such information, except as otherwise agreed by the Parties and/or ordered by the Court.

4. This Order is without prejudice to the rights of the Parties to seek an Order from this Court imposing greater, lesser, or different restrictions on the dissemination or use of "Confidential" information or to seek to rescind, modify, alter, or amend this Order with respect to specific documents or information.

5. By making documents available for use in this action, the Parties have not waived or compromised any confidentiality or protectability of the same, nor have they admitted to the admissibility at trial of the documents or waived any objections to the admissibility of the same.

6. Subject to Paragraph 2 above, the confidential information is not to be shared directly or indirectly with any other person or entity without prior written consent of the Parties or, failing such consent, Court permission.

7. Any party or individual acting on behalf of a party who discloses confidential information to any person or entity not designated in this Order will be liable to the non-disclosing party for all damages, including costs and attorney's fees, incurred by the non-disclosing party arising from or related to such disclosure.

8. An inadvertent disclosure of a communication or information protected as privileged or work product shall not constitute a waiver. The parties agree that matters concerning waiver, as well as the recovery or "snap back" of inadvertently disclosed privileged material, shall be governed by Federal Rule of Civil Procedure 502(b).

## ESI PROTOCOL

**1. ESI Disclosures**

(a) Within 30 days after entry of an Order from this Court requiring ESI discovery, each party shall disclose:

>(i) Custodians: The custodians most likely to have discoverable ESI in their possession, custody or control. The custodians shall be identified by name, title, connection to the instant litigation, and the type of the information under his/her control.

>(ii) Non-custodial data sources: A list of non-custodial data sources (e.g., shared drives, servers, etc.), if any, likely to contain discoverable ESI if within the party's possession, custody or control.

>(iii) Third Party Data Sources: A list of third party data sources, if any, likely to contain discoverable ESI (e.g., third party email and/or mobile device providers, "cloud" storage, etc.) and for each such source, indicate the extent to which a party is (or is not) able to preserve information stored in the third party data source if within the party's possession, custody or control.

>(iv) Inaccessible Data: A list of data sources, if any, likely to contain discoverable ESI (by type, date, custodian, electronic system or other criteria sufficient to specifically identify the data source) that a party asserts is not reasonably accessible under Fed. R. Civ. P. 26(b)(2)(C)(i). Note: Section 3(b)(i)-(viii) below sets forth data sources and ESI which are not required to be preserved by the parties. Those data sources and ESI do not need to be included on this list.

**2. ESI Preservation**

(a) Absent a showing of good cause by the requesting party, the parties shall not be required to modify, on a going-forward basis, the procedures used by them in the ordinary course of business to back up and archive data; provided, however, that the parties shall preserve all discoverable ESI in their possession, custody or control. All parties shall supplement their disclosures in accordance with Rule 26(e) with discoverable ESI responsive to a particular discovery request or mandatory disclosure where that data is created after a disclosure or response is made (unless excluded below).

(b) Absent a showing of good cause by the requesting party, the following categories of ESI need not be preserved:

> (i) Deleted, slack, fragmented, or other data only accessible by forensics;
>
> (ii) Random access memory (RAM), temporary files, or other ephemeral data difficult to preserve without disabling the operating system;
>
> (iii) On-line access data such as temporary internet files, history, cache, cookies, and the like;
>
> (iv) System metadata;
>
> (v) Back-up data that is duplicative of data more accessible elsewhere;
>
> (vi) Server, system, or network logs;
>
> (vii) Data remaining from systems no longer in use that is unintelligible on the systems in use;
>
> (viii) Electronic data (e.g., email, calendars, contact data, notes and text messages) sent to or from mobile devices (e.g., iPhone, iPad, and Android devices), provided that a copy of all such electronic data is saved elsewhere in an accessible form and source (such as on a server, laptop, desktop computer, or "cloud" storage).

(c) The parties may confer on any other categories of ESI that may not need to be preserved, in light of the General Principles set forth above, and determine whether the parties can agree that such categories can be added to the non-preservation list above.

**3. Issues of Privilege**

(a) With respect to privileged or attorney work product information generated after the filing of the first complaint in this Court, the parties are not required to include any such information in privilege logs.

(b) The production of any discovery material by any party shall be without prejudice to any subsequent claim by the producing party that such discovery material is privileged or attorney-work product and shall not be deemed a waiver of any such privilege or protection.

(c) A producing party shall give notice of an inadvertent disclosure of privileged or confidential information within ten (10) days after discovery of such inadvertent disclosure.

**4. Other ESI Discovery Protocols**

(a) *On-site inspection of electronic media.* Such an inspection shall not be permitted absent a demonstration by the requesting party of specific need and good cause or by agreement of the parties.

(b) *Search.*  The producing party is best situated to evaluate the methods and protocols appropriate for searching its own ESI.  ESI searches shall be done using methods and protocols selected by the producing party, if reasonable and likely to locate relevant ESI.  The Court expects the parties to discuss potential methodologies for identifying ESI for production.  To the extent the parties have a dispute regarding search methodology, the parties should be prepared to submit promptly such a dispute to the Court for resolution.

(c) *Form of Production.*  If the parties cannot agree to the form(s) of production, ESI shall be produced in a form or forms that is reasonably usable and proportionate, considering such factors as the cost of the form(s) of production, the volume of ESI at issue, and whether there is a need for searchability and metadata. In most cases, the parties need not produce metadata that is not preserved in a "drag and drop" collection.  To the extent the parties have a

dispute regarding form of production, the parties should be prepared to submit promptly such a dispute to the Court for resolution

(d) *De-duplication.* The parties will use their best efforts to de-duplicate documents globally as necessary prior to producing them; meaning that exact duplicates of a document (i.e., all duplicates having the same hash value as the original document) will be removed to the best of the producing party's ability from the entire population of documents to be produced. Attachments to emails shall not be considered duplicates unless the email itself is an exact duplicate.

(e) *Hard Copy Documents.* Documents that are not maintained in electronic form in a party's ordinary course of business shall be produced in the same manner in which they are maintained (e.g., hard copies) or as scanned TIFF images with a load file that includes the following metadata fields: custodian and request to which the documents are responsive. For documents produced as hard copies, the inspecting party shall designate the hard copy documents it wants produced.  To the extent any color document will be produced in hard copy, a color hard copy of such document will be produced, if requested by the receiving party. Any hard copy documents designated for production shall be Bates Numbered and scanned to produce to the receiving party.  The receiving party shall be responsible for all expenses incurred as a result of the copying and processing of documents produced as hard copies.

(f) *Format of Production*. The parties agree that any documents produced will be made available via secure file transfer if the volume of the production is suitable for this format. Otherwise, documents will be produced via physical media (e.g., external hard drive, thumb drive, disc, etc.).

(g) *Redaction Procedures*. Documents that require redaction may be produced in single-page TIFF images with original unitization preserved or, if possible, in redacted Native Format.

Notwithstanding the foregoing, Spreadsheets (such as Excel files) shall be redacted and produced in Native Format. After redaction, the remaining unredacted content of each document should be extracted by optical character recognition (OCR) or another suitable method to a searchable text file produced with the corresponding image(s) or embedded within the image file. Redactions should not be accomplished in a manner that serves to downgrade the ability to electronically search the unredacted portions of the document.

(h) *No Obligation to Convert Third Party Productions*. The parties agree that any document production received from a third party may be produced in the format in which it was received.

DONE and ORDERED this _____ day of _____, 2019.

_____
SONJA F. BIVINS
United States Magistrate Judge